Frank A. Ledwith, Plaintiff, *v.* Hugh Ignatius et al., Defendants.*

Supreme Court, Special Term, New York County, July 19, 1942.

* Affd., 265 App. Div. 987.

*Davis, Polk, Wardwell, Gardiner & Reed* for defendants.

*Louis Kaye* for plaintiff.

EDER, J. This is a motion by the defendants directed against the third cause of action set forth in the amended complaint herein. The relief sought is: (1) That plaintiff be directed to serve a further amended complaint making it more definite and certain as to this third cause of action (Rules Civ. Prac. rule 102); (2) striking therefrom matter asserted to be unnecessary and impertinent, redundant, sham, frivolous, repetitious and which may tend to prejudice, embarrass and delay the fair trial of the action (rule 103); (3) to separately state and number each separate cause of action alleged or attempted to be alleged in said third cause of action, as required by rule 90; and (4) that it contain a precise statement of the material facts without unnecessary repetition, as required by section 241 of the Civil Practice Act.

In my opinion this application is untenable except as to paragraph Sixteenth of the third cause of action, which alleges that the defendants caused the plaintiff to be subjected to an inquiry by the United States Attorney and by the Interstate Commerce Commission and to be called as a witness before the Federal grand jury. It is not alleged that these incidents were part of the conspiracy and resulted in plaintiff's loss of his employment and, while they might be admissible as evidence upon the trial as circumstances tending to prove the general or common design and be considered along with all the other evidence tending to prove the conspiracy charged, I am unable to see that such allegation is properly a part of the pleading unless it appears that there is a relation of these matters to the conspiracy charged in the complaint and having to do with the ultimate fact of dismissal, and it is not so alleged. I conclude, therefore, that this paragraph must be stricken out.

The amended complaint is a well-drawn pleading and it is evident that the pleader drew it with meticulous care. This is an action on the case to recover damages sustained by the plaintiff by reason of a conspiracy alleged to have been entered into by and between the defendants to cause the plaintiff's employer to suspect him of disloyalty and dishonesty and

thereby cause him to be discharged, to injure his character and reputation and destroy his means of livelihood; and to accomplish this purpose the defendants concocted false accusations against him of divers sorts, slandered and maligned him to his employer and to others, and by means of the acts set forth — and they are many — ultimately accomplished their object. It is averred that the purpose of the defendants and of the conspiracy was to advance their own ends through destruction of the plaintiff, and it is further averred that all that the defendants connived at and did was done with malicious motives.

The amended complaint, as it reflects the third cause of action, is clear, specific and detailed, and conspiracy is the cause of action plainly set forth. The fact that it alleges that the defendants as part of the conspiracy slandered and otherwise defamed the plaintiff does not thereby transform such allegations into separate causes of action; and that is true with respect to all other allegations set forth but comprising and being part of the conspiracy. No allegation is to be or must be isolated or divorced from the others for any such purpose; all the allegations of the entire cause of action may be considered. The various acts committed by the defendants and steps taken by them are merely set forth as overt acts forming part and parcel of the same conspiracy, each very clearly set out with an exactness and clarity that enables the defendants to readily admit or deny; there is no indefiniteness, uncertainty or ambiguity present, or needless repetition or redundancy. The facts are given with a completeness perhaps unnecessary and with perhaps greater particularity than was required in a pleading, but of this the defendants can hardly be heard to complain.

Also, there is nothing impertinent or scandalous in the language employed. It may offend the sensibilities of the defendants to be charged with the acts alleged, or to be characterized as deliberate and unconscionable wrongdoers, but I know of no rule or doctrine in the law of pleading that requires a party to so engage the diction of his averments as to cater to and satisfy the taste and fancy of his adversary. When the law denounces impertinent and scandalous matter in a pleading or affidavit, it means statements so obviously irrelevant and so needlessly defamatory as to admit of no discussion. But when facts are pleaded or asserted, even in emphasized form, but within the bounds of reason, which appear to be germane and savor of relevancy by fair intendment and con-

struction to the cause of action set forth, the fact that the allegations smart, or otherwise irritate the accused, does not and cannot amount to impertinent and scandalous averment.

In an action of this type, in alleging a conspiracy, a general allegation that the defendants entered into a conspiracy for a certain purpose and have committed acts in furtherance thereof, without setting out the facts constituting the conspiracy, ordinarily is not sufficient. The general rule is that the facts and circumstances which constitute the conspiracy, or from which it may be inferred, should be set out clearly, concisely, and with sufficient particularity, and that is precisely what the third cause of action pleaded does. And it is to be observed that " as a rule great latitude is allowed in setting out in the complaint the particular acts from which the conspiracy is to be inferred, even going so far as to allow the individual acts of the conspirators to be averred." (See 15 Corpus Juris Secundum 1039, § 25, and cases there cited.) The above quotation is but a statement of what is now elementary law.

I am unable to find any justifiable basis for the instant application except as to paragraph Sixteenth of the third cause of action of the amended complaint and the application is accordingly denied in all other respects.