William C. Hecht, Jr., J.
Defendants move to dismiss the complaint for legal insufficiency. It is alleged that the defendants acting in concert, among themselves and others, caused a city tax lot, suitable for school purposes, to be included with other adjacent parcels as a proposed school site. By including the adjacent parcels, not necessary for the proposed use, the tax lot in question was not only rendered unavailable of itself, although sufficient for the use, but the larger site was rendered unacceptable and as a result another site chosen. Plaintiffs are owners of all or part of the site chosen. They charge an intent to favor the owners of the tax lot not taken, which was sufficient of itself, if unencumbered with the adjacent parcels, favoritism to the owner thereof and damage to the municipality, all constituting bad faith in illegal acts tantamount to fraud.
Preliminarily, it is observed that on motions of this type the complaint must be given every favorable intendment. Admittedly the defendant members of the Board of Estimate and the defendant director of the budget do not have the authority, legally, to recommend proposed school sites. This authority rests in the Board of Education, not a party to the action. It is also admitted that the defendant members of the Board of Estimate have the sole right to approve or disapprove of the sites recommended by the Board of Education.
If plaintiffs should prove that the defendants, acting in concert, among themselves and with others in bad faith contrived to have the submitted sites so arranged that the tax lot, allegedly sufficient of itself, was not so submitted, but was submitted only as part of a site including unnecessary adjacent parcels, which rendered the site unsuitable, all to the advantage of the owner of the tax lot in question and to the disadvantage of the city, then a cause has been stated. That is the basic problem.
Under section 51 of the General Municipal Law taxpayer actions lie to prevent illegal acts and waste of corporate property. Actual fraud it would seem is unnecessary; bad faith and *229 official misconduct are sufficient, since the distinction between these and actual fraud is incapable of being drawn (Adamson v. Union R. R. Co., 74 Hun 3; Talcott v. City of Buffalo, 125 N. Y. 280).
If, as alleged, to assist the owner of the tax lot in question, the defendants arranged to have the same submitted to them, not as a separate site, but as part of a site which by the inclusion of other adjacent parcels was thereby rendered unsatisfactory for the intended purpose all to the damage of the municipality, this it would seem would be the equivalent of the failure of the committee of the Common Council in the Adamson case (supra) to bring to the notice of that body as a whole the offer of a competing company to pay a large sum of money for a franchise given, without compensation, to the defendant in that case.
While the proof may develop that plaintiffs are disgruntled taxpayers seeking to compel the choice and acceptance of a site other than their own, in which event there can be no redress, proof of the allegations as set forth in the complaint would, as has been stated, bring the cause within the rule of the Adamson and Talcott cases (supra) and for this reason the motion is denied.