Gteobge T. Vandermetjlen, J.
This is a motion by the defendants to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.
The complaint is quite difficult to summarize or to fit into any of the standard causes of action with which I am familiar. *696 It alleges, in substance, that the defendants, pursuant to a conspiracy to destroy the plaintiff economically, caused damage to the plaintiff by: (1) inducing the plaintiff to enter into four construction contracts at low consideration by stating that cheaper construction work than the contract provided for would be acceptable; (2) refusing to pay for “extra work” performed by the plaintiff; (3) by willfully and maliciously refusing to make payments to the plaintiff provided by the construction contracts; (4) by hiring plaintiff’s superintendent; (5) by making false and malicious statements regarding plaintiff’s financial responsibility, honesty, etc.; (6) by pleading false defenses and counterclaims in a mechanic’s lien foreclosure action brought by the plaintiff; (7) by making false statements to induce plaintiff to settle its lien foreclosure actions. There are other acts and' conduct charged to the defendants, or to some of the defendants, in the complaint. In fact, the complaint impresses me as a sort of shotgun affair, spraying its charges of “improper”, “unlawful”, “intentional”, and ‘ ‘ malicious ’ ’ conduct over some 10 pages.
The defendants recently made a motion before Justice Noonan to require the plaintiff to serve an amended complaint, to make it more definite and certain and separately stating and numbering the causes of action. The motion was denied, the court deciding that only one cause of action was alleged. The court on that motion did not state what the one cause of action was but since the learned Justice quoted from the decision in Ledwith v. Ignatius (179 Misc. 394) I assume he considered conspiracy to be the one cause of action set forth. As was stated in Keviczky v. Lorber (290 N. Y. 297, 305), “ no branch of the law seems less clear than that of conspiracy.”
However, the plain question before me is whether or not the complaint alleges a cause of action. It is only necessary to determine whether any cause of action is pleaded, not how many causes of action are pleaded (see Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79).
There is a cause of action. What kind of cause of action it may be or whether more than one, and whether or not it has been established as a matter of law can only be determined by the Trial Justice after he has heard the evidence.
The motion to dismiss the complaint is denied.