D. Ormonde Ritchie, J.
The defendants John A. Britting and Edna Britting make a motion pursuant to section 241 of the Civil Practice Act for an order striking the complaint as violative of the direction therein that every pleading shall contain a plain and concise statement of the material facts without unnecessary repetition and evidentiary matter; or, in the alternative, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, for an order dismissing the complaint on the ground that it does not state facts sufficient to constitute the causes of action set forth therein; pursuant to subdivision 1 of rule 102 of the Rules of Civil Practice for an order requiring plaintiff to make more definite and certain the allegations of the complaint contained in the paragraphs thereof specified in subdivision A through and including subdivision P of the prayer for relief under rule 102; and pursuant to rule 103 of the Rules of Civil Practice for an order striking allegations of the complaint contained in the paragraphs thereof specified in subdivisions A and B of the prayer for relief under rule 103 upon the ground that the challenged allegations are impertinent and scandalous.
In a companion motion the defendants Albert G. Glass and Diana Glass seek an order pursuant to subdivision 4 of rule 106 dismissing the complaint as to them upon the ground that it does not state facts sufficient to constitute a cause of action, and in addition those defendants join in the Britting motion insofar as it is made for an order granting the relief sought therein pursuant to section 241 of the Civil Practice Act and rules 102 and 103 of the Rules of Civil Practice. For the purpose of convenience, both motions will be considered together and determined in this memorandum.
The first cause of action alleges that the defendant John A. Britting acted in violation of law in the performance of acts *759 connected with his duties as deputy treasurer of the County of Suffolk. The second cause of action alleges that John A. Britting, Edna Britting, Albert G. Glass and Diana Glass, in addition to other defendants named therein, acted in concert and conspired in the perpetration of a fraud upon the County of Suffolk by acts alleged to be unlawful. The first cause of action attributes specific acts to the defendant John A. Britting alleged to have been unlawful in the performance of his duties as a public official. The second cause of action charges the defendants named therein with having acted in concert and conspired with Britting in the commission of illegal acts resulting in the perpetration of the alleged fraud.
That numerous specific acts are alleged to have been committed in the furtherance of a conspiracy resulting in the perpetration of a fraud does not transform such allegations into separate causes of action (Ledwith v. Ignatius, 179 Misc. 394, affd. 265 App. Div. 987). The acts are set forth in detail and the court perceives no difficulty in answering them. Further, the amplification sought by defendants in their motions made pursuant to rule 102 can be obtained in a bill of particulars as to all subdivisions of the prayer for relief sought under rule 102 with the exception of subdivision N thereof. By the use of the words “and/or” in paragraph forty-ninth of the complaint the plaintiff has been guilty of equivocal pleading and the defendants’ motions pursuant to rule 102 are granted as to subdivision N of the prayer for relief thereunder (Dreben v. Belloise, 275 App. Div. 755; Kleinfeld v. Roburn Agencies, 270 App. Div. 509). It is the finding of this court that the causes of action alleged in the complaint do not violate the directive provisions of section 241 of the Civil Practice Act or rule 90 of the Rules of Civil Practice and with the exception of the relief granted as to paragraph forty-ninth of the complaint, the motions made pursuant to rule 102 of the Rules of Civil Practice are in all other respects denied.
The gravamen of both causes of action alleged in the complaint is that a fraud was perpetrated as a result of the illegality and unlawfulness of the acts claimed to have been committed by the defendants sought to be charged. The first cause of action charges the defendant, John A. Britting, with the commission of unlawful acts in the performance of his duties as an official of the county and the second cause of action charges the respective defendants named therein with having acted in concert and having conspired with him in the perpetration of an alleged fraud. Allegations made in pleading causes of action of the nature set forth herein must of necessity offend the sensibility *760 of the defendants charged with the commission of those acts. However, where such allegations are required for the statement of a cause of action they are not impertinent or scandalous. Impertinent allegations are allegations wholly irrélevent to the cause of action and scandalous allegations, while they may in some instances be relevent, are totally needless and defamatory. The words “ unlawful ” and “ illegal ”, while undoubtedly irritating to a defendant whose actions are thus characterized,, dó not come within the criteria required for denunciation of an allegation as scandalous (Ledwith v. Ignatius, supra). The motions made for relief pursuant to rule 103 are denied.
The motion of the defendant, John A. Britting, made pursuant ’ to subdivision 4 of rule 106 seeks an order dismissing the first cause of action on the ground of insufficiency. Section 51 of the General Municipal Law permits an action to be maintained by a qualified taxpayer against officers, agents, commissioners and other persons acting, or who have acted for or on behalf of any county to prevent injury or waste to, or to restore and make good, any property, funds or estate of such county. As against an officer, bad faith and misconduct are sufficient to sustain the action (Chelnik v. Wagner, 3 Misc 2d 227). The complaint herein alleges that the defendant, John A. Britting, was the recipient of moneys and other interests, prohibited by law, for services and acts performed in connection with his official duties and by reason of which a fraud was perpetrated resulting in monetary damage to the county. The complaint as to him is palpably sufficient.
More difficult problems are presented • in determining the motions made by the defendants Glass pursuant to rule 106. The defendants in the second cause of action are charged with having acted in concert in the performance of unlawful acts in the furtherance of a conspiracy resulting in the alleged fraud. Clearly, if the facts alleged are true, a cause of action is stated against all the defendants thus charged. If the municipality were the plaintiff, no difficulty would be presented in determining the motion as addressed to the second cause of action against the defendants Glass. As to defendants other than the officer, the question presented is as to whether an action may be maintained by a taxpayer against parties not in official capacity.. Section 51 has been interpreted to include as chargeable with liability thereunder persons who were parties to contracts with the municipality obtained through fraud or unlawful means, and persons who were the recipients of municipal funds illegally paid to them. The section contains a sentence that reads as follows:" This section shall not be so construed as to take away *761 any right of action from any county, town, village or municipal corporation, or from any public officer, but any right of action now existing, or which may hereafter exist in favor of any county, town, village or municipal corporation, or in favor of any officer thereof, may be enforced by action or otherwise by the persons hereinbefore authorized to prosecute and maintain actions”. "While the sentence has been characterized as “ a precautionary savings clause, not a general grant of power ” (Heydeman v. County of Rockland, 206 Misc. 473, 476), the section is remedial and designed to protect taxpayers from the fraudulent conduct of public officers resulting in a waste of municipal property. The courts have held that such sections be liberally construed (Fox v. Smith, 123 App. Div. 369; Eagle Nest Corp. v. Carroll, 179 Misc. 99; Blanshard v. City of New York, 141 Misc. 609; Shiebler v. Griffing, 83 Misc. 363).
The section provides for prevention of waste of public property, and, for restitution after the acts constituting the waste have been committed and completed. It not only reserves a right of .action therefor to the municipality, it authorizes the prosecution and maintenance of such an action “ by the persons herein-before authorized to prosecute and maintain actions;” i.e., the qualified taxpayers designated in this section. The courts having , recognized that defendants other than officers of a municipality are in some instances necessary and proper parties defendant in a taxpayer’s action, this court sees no valid reason why such defendants are restricted to the categories of those being in contractual relationship with the municipality or those who were the'recipients of illegally paid municipal funds. Nor will the section to be interpreted to safeguard persons outside those categories,.who.act in concert with and induce public officials to commit corrupt and illegal practices resulting in a waste of municipal property. The complaint alleges facts charging the defendants with illegal and unlawful acts in acquiring property owned by the county and resulting in a fraud upon the county. By their motion pursuant to subdivision 4 of rule 106, they admit those allegations. Whether such allegations can be proven upon a trial of the action or rebutted by evidence offered in defense is of no concern of this motion. The motion challenges the sufficiency of the complaint, and the complaint is found to state causes of action authorized to be prosecuted by a taxpayer within the authority conferred by section 51. The motions pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice are denied.
Submit separate orders in accordance with, the foregoing.