Mario Pittoni, J.
The defendants move to strike each of the first three causes of the complaint for failure to state facts *500 sufficient to constitute a cause of action. The motion is granted as to the third, but denied as to the first and second.
The first cause of action: This seeks to restrain defendants from proceeding with an urban renewal project on the ground that the acts of the Board of Trustees of the Village of Rock-ville Centre are illegal and void because of a conflict of interest of the Mayor who participated in the proceedings, contrary to section 332 of the Village Law. The alleged conflict, in part, is that the Mayor owns real property contiguous to the boundary of the urban renewal area, and other property in close proximity thereto. It has been held that this alone is not sufficient to establish a conflict of interest. (Benincasa v. Incorporated Vil. of Rockville Centre, 33 Misc 2d 13.) However, the complaint also alleges that when some of the early steps in the proceedings were taken, and for almost two years thereafter during which period substantial village funds were expended in the project, the Mayor was the owner of a parcel of realty actually included within the urban renewal area. These additional allegations are sufficient to state a valid cause of action. (Baker v. Marley, 8 N Y 2d 365; Benincasa v. Incorporated Vil. of Rockville Centre, supra.)
The second cause of action: This cause alleg’es that a substantial part of the structures proposed to be condemned and demolished are not substandard; and “ Upon information and belief, that the defendants fraudulently and corruptly and with an aim to defraud plaintiffs and to enrich the potential developers, declared substandard many adequate sanitary and truly standard structures ’ ’. Injunctive relief is sought.
The mere allegation that properties within the designated area are not substandard is insufficient to show that the acquisition of the property and the demolition of buildings is not authorized by the laws controlling urban renewal. (Benincasa v. Incorporated Vil. of Rockville Centre, supra; Kaskel v. Impellitteri, 306 N. Y. 73.) However, the further allegations quoted above are sufficient to state a valid cause of action. In Kaskel v. Impellitteri (supra, p. 79) the court stated: “ However, since no corruption or fraud is charged, plaintiff Kaskel, as a taxpayer, cannot succeed in such a suit, unless there is a total lack of power in defendants, under the law, to do the acts complained of” (emphasis supplied). In Talcott v. City of Buffalo (125 N. Y. 280, 288) it was held: “ Full force and effect can be given to the statute by confining it to a ease where the acts complained of are without power, or where corruption, fraud or had faith, amounting to fraud, is charged ” (emphasis supplied). And in Chelnik v. Wagner (3 Misc 2d 227, 228-229) speaking of tax *501 payers’ actions, it was said: “Actual fraud it would seem is unnecessary; "bad faith and official misconduct are sufficient, since the distinction between these and actual fraud is incapable of being drawn ”. (See, also, Chelnik v. Wagner, 2 Misc 2d 29, affd. 2 A D 2d 668, motion to dismiss appeal as academic granted 2 N Y 2d 779.)
The third cause of action: This cause, after incorporating the allegations of the first two, alleges that as part of the urban renewal project it is required that adequate and sufficient plans for relocation of the inhabitants of the area to be demolished should be made; that defendants have made no relocation plans; and that continuance of the project would cause irreparable harm to plaintiffs. Injunctive relief is sought. Plaintiffs apparently base this cause on subdivision (c) of section 1455 of title 42 of the United States Code. However, it has been held that this section does not give inhabitants of the area the legal capacity to sue because of alleged failure to comply with the relocation provisions. Further, even assuming, arguendo, that there is legal capacity, Congress has designated the Administrator of the Federal Housing and Home Finance Agency as the person on whom it relies to protect the legislative purpose expressed in the statute; and this court has no jurisdiction over the acts of Federal officers acting in the administration of Federal laws. (Hunter v. City of New York, 121 N. Y. S. 2d 841.) This cause should therefore be dismissed. Motion is denied as to the first and second cause, but is granted as to the third.