ANTHONY SPADANUTA, on behalf of Himself and All Others Similarly Situated, Respondent, v. INCORPORATED VILLAGE OF ROCKVILLE CENTRE et al., Appellants.— In an action by a property owner for a judgment to declare illegal and void an urban renewal project of the defendant village (and all contracts incidental thereto), and to enjoin condemnation proceedings in connection therewith, the defendants appeal from so much of an order of the Supreme Court, Nassau County, dated February 7, 1962 as denied their motion to dismiss for patent insufficiency the first and second causes of action alleged in the amended complaint. The court granted the motion as to the third cause of action (see 33 Misc 2d 499). Order, insofar as appealed from, reversed, without costs, and motion granted as to said two causes of action, with leave to the plaintiff, if so advised, to serve, within 20 days after entry of the order hereon, a second amended complaint as to the second cause of action only. In the first cause of action, plaintiff alleged: (a) that, at the time of the preliminary planning of the urban renewal project in suit, the defendant Lister, Mayor of the defendant village, owned real property within the geographical boundaries of the project area, although at the time the village entered into the contract with the United States Government for the advancement to it of funds, such boundaries had been altered so that the Mayor's property was then contiguous to (rather than within) such area; and (b) that the Mayor's *ownership of such property constituted a conflict of interest which rendered illegal all proceedings in which he participated.* In our opinion, ownership of property contiguous to the urban renewal area is not sufficient to establish a conflict of interest (*Benincasa* v. *Incorporated Vil. of Rockville Centre,* 33 Misc 2d 13, appeal dismissed 15 A D 519). The prohibition contained in the statute (Village Law, § 332) is limited to situations where a public officer owns property which is to be acquired. The fact that the Mayor was an erstwhile owner of property within the area ultimately acquired for urban renewal purposes does not constitute a violation of the statute. Since the area as finally determined in this case actually excluded the Mayor's property, the statute was no longer applicable. Moreover, the fact that the Mayor may benefit from a contemplated public improvement which may also benefit to a greater or lesser degree every landowner in the village, does not render it void. *Baker* v. *Marley* (8 N Y 2d 365) does not hold to the contrary. In that case the Mayor owned property which was, in fact, condemned by the village. In the second cause of action, plaintiff alleged that defendants fraudulently and corruptly declared as substandard many adequate sanitary and standard structures. However, if necessary for effective rehabilitation of an area as

a whole, land and the improvements thereon, although not in themselves insanitary or substandard, may be included for condemnation as integral parts of the urban renewal project (General Municipal Law, § 502, subd. 4; *Berman v. Parker,* 348 U. S. 26; *Kaskel* v. *Impellitteri,* 306 N. Y. 73). It is not necessary for the local authority to determine that each individual structure within an urban renewal area is substandard. Hence, even if it be proved that the authority fraudulently declared certain structures to be substandard or insanitary when, in fact, they were standard and sanitary, such proof would not of itself suffice to nullify or void the entire urban renewal project. A different question would be presented if plaintiff can allege facts which, if proved, would establish that the defendants fradulently and corruptly declared the urban renewal area, as an entirety, to be substandard and insanitary. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.