■ JOSEPH R. WOLFSON et al., Respondents, v. ARNOLD A. MANDELL et al., Appellants.— In an action to recover damages allegedly resulting from a conspiracy to induce a breach of contract and the termination of an " at-will " business relationship between plaintiff and a third person (one Lemos), defendants appeal from so much of an order of the Supreme Court, Queens County, dated July 23, 1962, as denied their motion addressed to the complaint pursuant to the Rules of Civil Practice: (a) to strike out as sham and irrelevant para-

graphs Eleventh and Twelfth of the complaint (rule 103); (b) to require plaintiffs to make paragraphs Seventh and Ninth of such pleading more definite and certain (rule 102); and (c) to compel plaintiffs to separately state and number the several causes of action allegedly pleaded in the complaint (rule 90). No appeal has been taken from the part of the order which directed plaintiffs to make more definite and certain paragraphs Fifth and Thirteenth of the complaint. Order modified on the law by striking out its third decretal paragraph which denied defendant's motion insofar as it sought to strike out as sham and irrelevant paragraphs Eleventh and Twelfth of the complaint; and by substituting therefor a provision granting the said motion in this respect. As so modified, order, insofar as appealed from, affirmed, without costs, and with leave to plaintiffs to serve an amended complaint within 20 days after entry of the order hereon. In our opinion, paragraphs Seventh and Ninth of the complaint will be sufficiently definite and certain when paragraphs Fifth and Thirteenth have been repleaded pursuant to the order of Special Term. Paragraphs Eleventh and Twelfth should have been stricken out as sham and irrelevant, since (a) claims are alleged therein based upon supposed rights which have already been adjudicated to be nonexistent; (b) proof of such allegations would be inadmissible in view of the said prior adjudications; and (c) in any event, the proof would be inadmissible because such allegations fail to set forth or to charge any actionable cause against the defendants and, consequently, have no substantial relation to the controversy in suit (*Ogino* v. *Black,* 278 App. Div. 146, affd. 304 N. Y. 872; *Newton* v. *Livingston County Trust Co.,* 231 App. Div. 355; *Kavanaugh* v. *Commonwealth Trust Co.,* 181 N. Y. 121; *Terry* v. *Dairymen's League Assn.,* 2 A D 2d 494, 497–498; *A. S. Rampell, Inc.,* v. *Hyster Co.,* 3 N Y 2d 369, 376). The Special Term properly denied that branch of the defendants' motion which sought to compel plaintiffs to separately state and number their alleged causes of action, pursuant to rule 90. As we read the complaint, particularly when paragraphs Eleventh and Twelfth have been stricken out, it states only one cause of action (*Ledwith* v. *Ignatius,* 179 Misc. 394, affd. 265 App. Div. 987; *Meinhard* v. *Britting,* 10 Misc 2d 757). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.