The employer and carrier appeal from an award of disability compensation and death benefits. Appellants contend that the evidence does not support the finding of an industrial accident and that there is no substantial medical evidence to causally relate decedent’s disability and subsequent death to an industrial accident. Decedent was 48 years of age at the time of his death on December 14, 1953. He had a pre-existing arteriosclerosis. His employment for about eight years had included, at least for a substantial part of the time, moving household furniture. On October 5, 1953, while he was engaged, with Coemployees, in carrying a piano upstairs, decedent suffered a “heart attack,” as that term is generally understood. He continued in his employment, however, and on November 9, 1953, was engaged in moving the usual household furniture of a three-room apartment, including a large refrigerator and a studio couch or davenport weighing approximately 150 pounds, to an upstairs apartment. Immediately after assisting in carrying the furniture upstairs deeedant became ill, short of breath, perspired excessively, and complained of chest pains. He never returned to work and died five days later due to stenosis, insufficiency of the aorta and coronary occlusion. The evidence amply supports a finding that undue and extra effort brought on the final and fatal attack. The medical evidence as to causal relationship presents only a question of fact. Award affirmed, with costs to the Workmen’s Compensation Board.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.