Donald S. Taylor, J.
The plaintiff, a taxpayer, sues the defendants who constitute the Town Board of the Town of Fallsburg permanently to enjoin it from awarding a contract for the construction of a municipal golf course in a park district located within its confines. It moves by way of an order to show cause for similar pendente lite relief. The defendants cross-move to dismiss the complaint pursuant to rule 106 of the Buies of Civil Practice for legal insufficiency.
Giving this pleading the beneficial reading from plaintiff’s viewpoint to which it is entitled on a motion to dismiss for insufficiency, which of course excludes the legal conclusions of the pleader, it fails in my judgment to state a cause of action.
The statutory remedy of direct review by certiorari of the Town Board’s action which changed the boundaries of the park district is full, complete, expeditious and exclusive and forbids collateral attack. (Town Law, § 195; Matter of Beckmann v. Talbot, 278 N. Y. 146, 150; Lewis v. City of Lockport, 276 N. Y. 336, 343; New York Central & H. R. R. R. Co. v. City of Yonkers, 238 N. Y. 165, 178; Matter of Doey v. Howland Co., 224 N. Y. 30, cert, denied 248 U. S. 574; Matter of Evans v. Michaels, 5 A D 2d 912; Eastman Kodak Co. v. Richards, 123 Misc. 83.) Matter of Foy v. Schechter (1 N Y 2d 604) upon which the plaintiff mainly relies is not pertinent. The decision there turned on the applicability of the principles of res judicata and stare decisis (cf. Matter of Colodney v. New York Coffee & Sugar Exch., 2 N Y 2d 149). Moreover, the case is distinguishable since the statute (Civil Service Law, § 11, subd. 2) whose jurisdictional requirements were there claimed not to have been observed contained no short Statute of Limitations and none of the final and conclusive characteristics which are present here in the absence of a direct attack on the board’s determination in a judicial proceeding instituted within the time limited therefor.
*764 The complaint’s allegations of waste of public funds charge no fraud, bad faith, collusion or corruption on the part of the municipal officials and no presently threatened expenditures in excess of the maximum sum appropriated for the improvement. (See Town Law, § 202-d.) Averments which amount only to a taxpayer’s disagreement with the way in which administrative judgment and discretion are exercised by a municipal body are insufficient to invite judicial interference. (General Municipal Law, § 51; Smith v. Hedges, 223 N. Y. 176; Talcott v. City of Buffalo, 125 N. Y. 280; Bogart v. County of Westchester, 270 App. Div. 274, 278; McCormick v. Westchester Light Co., 142 Misc. 27, affd. 238 App. Div. 845.)
Accordingly, the motion is denied, the cross motion granted and the interim stay vacated.
Submit order.