■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH EMANUEL, Respondent, against DANIEL McMANN, as Acting Warden of Clinton Prison, Appellant.— Order reversed on the law and facts and relator remanded to the custody of the Warden of Clinton Prison, Dannemora, New York, for the reasons stated in the case of *People ex rel. De Pasquale* v. *McMann* (8 A D 2d 662). Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

■ GUSDORE CORPORATION, Appellant, v. MORTIMER MICHAELS et al., Constituting the Town Board of the Town of Fallsburgh, et al., Respondents. — This is an action by a taxpayer, Gusdore Corporation, which sues the defendants constituting the Town Board of the Town of Fallsburgh to enjoin the awarding of a contract for construction of a municipal golf course within its limits. The present appeal is brought by plaintiff-appellant from the denial of its motion for a temporary injunction for the same relief as set forth in the complaint and from an order of Special Term dismissing the complaint pursuant to rule 106 of the Rules of Civil Practice for failure to state a cause of action. It appears that the plaintiff corporation seeks to bring its action under the terms of section 51 of the General Municipal Law, which provides under certain circumstances for enjoining certain illegal official acts, waste or injury on the part of public officials. The court below has held that the complaint fails to state a cause of action even though given the beneficial reading to which plaintiff is entitled on such a motion to dismiss. It appears that the order of the Town Board establishing the Park District, pursuant to article 12 of the Town Law, was made on May 6, 1957 and a copy of such order was filed in the Sullivan County Clerk's office on May 7, 1957, that being the county in which the Park District is located. The complaint alleges that the plaintiff corporation and its predecessors in title were not given proper notice in that the boundaries of the Park District were altered subsequent to the filing of the petitions. We have previously decided *Matter of Evans* (plaintiff's predecessor in title) v. *Michaels* (5 A D 2d 912) which action we found barred by the Statute of Limitations, pursuant to subdivision 2 of section 195 of the Town Law. We adopt the opinion of TAYLOR, J., at Special Term (13 Misc 2d 762) in affirming the order here appealed from. Order unanimously affirmed, with $10 costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.