Sidney A. Fine, J.
This is a motion by the two plaintiffs in a taxpayers’ action against the City of New York, the Carnegie Hall Corporation, and various city officials, (1) to enjoin defend *986 ants, during the pendency of the action, from evicting the present occupants and tenants of the Bembrandt Building at 152 West 57th Street, New York City, and from demolishing the building, (2) to compel Carnegie Hall Corporation to modernize said building, and (3) to compel said corporation to pay the rent due under the lease between it and the city, dated June 30,1960.
The Bembrandt Building is one of the Carnegie Hall properties which was acquired by the city and leased to the Carnegie Hall Corporation. It adjoins the building known as Carnegie Hall. It is strictly a commercial building, used exclusively for commercial purposes. Plaintiff, Schreiber, has admitted, in a brief heretofore filed by her attorney in prior litigation, that the building “ has never been used for any cultural purpose”. Plaintiff, Schreiber, occupies a millinery store in the Bembrandt Building. She and all the other occupants of the building have been ordered evicted by final orders unanimously affirmed by the Court of Appeals. (Carnegie Hall Corp. v. Schreiber, 15 A D 2d 916, affd. 12 N Y 2d 680.) Schreiber and her coplaintiff are joint owners of a piece of real property in this city and, by reason thereof, qualify to bring the present taxpayers’ action. It is clear, however, from the papers before the court that the real purpose of the action is not to protect the interests of the city, but rather to further the personal interests of Schreiber by preventing her eviction from the millinery store operated by her.
It is well settled that the maintenance of a taxpayer’s action requires more than a mere showing of illegal acts upon the part of the municipality or its officials. It must also be shown that the acts complained of have caused or will cause injury to the city and a waste of its funds or property (Western N. Y. Water Co. v. City of Buffalo, 242 N. Y. 202, 206-207; Hurley v. Tolfree, 308 N. Y. 358, 364).
Even if it be assumed, for the moment, that the proposed demolition of the Bembrandt Building and the modification of the 1960 lease to the Carnegie Hall Corporation are illegal, as claimed by plaintiffs, it is clear from the papers submitted that no financial injury to the city or waste of its property have resulted or will result therefrom. The reduction of the rent in the 1962 modification of the 1960 lease is more than offset (1) by the fact that the city saved the interest which it would have had to pay upon the bonds which the original lease required it to issue and (2) by the fact that the provision of the original lease, that the lessee was to become the owner of the Carnegie Hall properties at the end of the lease, was eliminated in the modification. In addition, the term of the lease was reduced from 30 years to 21 years. The Bembrandt Building is an old, dilapidated *987 structure in need of extensive repairs. Its demolition would result in a saving of the extensive sums necessary to repair it and the even greater amounts required to modernize it. Operation of the building had produced a continuing loss of $10,000 per year. This would also be saved by demolition of the structure. In addition, the proposed lease of the space resulting from the demolition would yield a rental of $13,000 per year. Although most of these savings would accrue to the Carnegie Hall Corporation, the lessee, rather than to the city, there is no showing that the demolition will result in a financial loss to the city or waste of its funds. (The Carnegie Hall Corporation, it is to be noted, is a nonprofit, tax exempt membership corporation whose incorporation was authorized by chapter 524 of the Laws of 1960, as part of the plan authorized by the Legislature for the purpose of saving Carnegie Hall itself from demolition.)
As to plaintiffs’ claim that the amount paid by the city for the Carnegie Hall properties was grossly excessive, it need only be observed that even if this be assumed to be so, it could not justify injunctive relief, for the purchase and payment are accomplished facts. Indeed, no injunctive relief in respect to the alleged overpayment is applied for on the present motion.
Although plaintiffs’ failure to establish that financial injury to the city or waste of its property would result from the demolition requires the denial of this motion, brief comment upon plaintiffs ’ claims of illegality appears to be appropriate. Plaintiffs’ contention that the city was required by chapter 524 of the Laws of 1960 to issue its bonds for the price required to be paid by it for the property, apparently overlooks the fact that chapter 22 of the Laws of 1962 amended chapter 524 of the Laws of 1960 so as to authorize the city to “ expend money or issue and sell its bonds ”. The requirement of the 1960 statute that the total rent under the lease include an amount equal to the bonds to be issued and the interest thereon was deleted by the 1962 amendment. Mor is there substance to the proposition that the modernization of the Bembrandt Building was mandatory. Chapter 524 provided that the city “ may modernize and improve” (italics supplied) the Carnegie Hall properties. It did not provide that the city was obliged to do so. The legislative provision that the acquisition, modernization and improvement of the properties and their operation were “authorized” was likewise permissive, not mandatory. The declaration that the acquisition, etc, “ are hereby declared to be public purposes ” was obviously intended only to protect the city in the event that it chose to avail itself of the authority granted. It was clearly not designed to compel the city to do modernization which it deemed unneees *988 sary. This is all the more true as to the Rembrandt Building, which was a commercial structure which had never been used for a cultural purpose and whose modernization could not possibly have been in the public interest.
It is to he noted that to the extent that plaintiffs seek to compel modernization of the Rembrandt Building and an order directing Carnegie Hall Corporation to pay the rent fixed in the 1960 lease2 prior to the 1962 modification, they are asking for a mandatory injunction, a drastic remedy which may be granted on a preliminary motion only where plaintiffs ’ right to the relief sought is beyond dispute. That is clearly not the case here. Motion denied.