Hyman Korn, J.
Defendants’ motion to dismiss the complaint pursuant to CPLR 3211 (subd. [a], par. 3) and CPLR 3211 (subd. [a], par. 7) is disposed of as follows:
This taxpayer’s action brought pursuant to section 51 of the General Municipal Law seeks a declaratory judgment that: (1) The New York City Stabilization Reserve Corporation Act (SRCA) (Public Authorities Law, tit. 26, as added by L. 1974, ch. 594) violates article VIII and article X of the Constitution of the State of New York; and (2) $700,000,000 in bonds and notes including $260,000,000 in bonds and notes of the Stabilization Reserve Corporation (SRC) to be issued pursuant to the SRCA constitutes a debt of the defendant City of New York *896 and will exceed the debt limit as set forth in article VIII of the Constitution.
Plaintiff further seeks permanent injunctive relief against the sale of said bonds and notes by the defendants and to restrain the defendants from contracting other debts in violation of article VIII.
Defendants move to dismiss the complaint alleging that plaintiff lacks the capacity to bring suit and that the complaint fails to state a cause of action.
In support of their contention of plaintiff’s lack of standing, defendants characterize the complaint as directed essentially against the State of New York, and the SRC in challenging the validity of the SRC and claiming the bonds and notes of the SRC are debts of the city. Defendants allege that the State is a necessary party herein but cannot be joined since plaintiff does not allege the requisite violation of a personal right. Defendants further assert that the SRC cannot be joined in this action since it is a public benefit corporation, not subject to suit under section 51 of the General Municipal Law.
A fair reading of the complaint herein demonstrates that it is directed against the named defendants, the City of New York, the Mayor and the Comptroller, to prohibit the alleged illegal expenditure of municipal funds resulting in an alleged unconstitutional exceeding of the debt limit through the mechanism of the SRC as created by the SRCA.
Section 51 of the General Municipal Law is remedial in nature and to be liberally construed for the protection of taxpayers. (Holton v Board of Supervisors of County of Monroe, 245 App Div 144; Meinhardt v Bretting, 10 Misc 2d 757; Queens County Water Co. v Monroe, 83 App Div 105.)
Under this section, plaintiff has a preventive right of action resting solely on illegal official action. Plaintiff need not demonstrate any individual interest other than the taxpayer’s presumed direct and immediate interest to challenge the expenditure of municipal funds. (Massachusetts v Mellon, 262 US 447; Ofenloch v Gaynor, 66 Misc 2d 185, affd 35 AD 2d 913; Bush v Coler, 60 App Div 56, affd 170 NY 587; Hansen v Ludera, 67 Misc 2d 574; New York State Elec. & Gas Corp. v City of Plattsburg, 168 Misc 597, mod on other grounds 256 App Div 732, mod 281 NY 450, rearg den 282 NY 682.)
Although a section 51 right of action cannot be extended to include wrongful acts of officers and agents of the State *897 without a showing of personal right (St. Clair v Yonkers Raceway, 13 N Y 2d 72), this does not immunize the State from a challenge that it has acted beyond its constitutional authority. (Bloom v Mayor of City of N. Y., 35 A D 2d 92, affd 28 NY 2d 952.)
Thus, the complaint may not be dismissed for lack of standing.
Defendants’ major contention, that the complaint fails to state a cause of action is well founded. The crux of the complaint is that the structure and funding of the SRC as created by the SRCA establishes that the bonds and notes of the SRC are in reality the debts of the defendant, the City of New York, and, as such, the city’s debt is raised beyond the limit set forth in article VIII of the Constitution.
No facts are alleged by the plaintiff in support of this premise. Rather, plaintiff relies on speculative conclusions drawn solely from the provisions of the SRCA. Plaintiff claims that the SRCA requires that the city pay the expenses and debt service of the SRC (Public Authorities Law, § 2540, subd. [a]); that the city pay funds into the general reserve fund of the SRC (Public Authorities Law, § 2537); that if the city should not maintain the fund, the State is to maintain it out of various State aid funds (Public Authorities Law, § 2540, subds. [b], [c]), and this without more, establishes that the City of New York has pledged its funds as security for the obligations of the SRC in violation of section 5 of article X of the Constitution prohibiting the city from assuming liability for the debts of a public corporation, and in violation of article VIII in that the city has not pledged its faith and credit as required for all city debts.
Plaintiff further alleges that the SRC is not a valid entity but a sham, a conduit created solely to permit the City of New York to evade its constitutional debt limit.
However, an examination of the provisions of the SRCA as well as the official statement and notice of sale clearly demonstrates that this speculative conclusion on the part of the plaintiff is invalid. Under the statute, the SRC is established as a public benefit corporation (§ 2532, subd. [a]) for an explicit purpose, to assist the City of New York to provide essential services on a sound financial basis during a period of unprecedented fiscal crisis. (§2533.) It is well established that the motives of the lawmakers inducing legislative action are not subject to judicial review. (Hansen v Ludera, 67 Misc 2d 574, *898 supra; Gaynor v Rockefeller, 21 A D 2d 92.) This is particularly pertinent herein where the purpose is so clearly set forth.
The SRCA authorizes the Mayor to certify to the SRC an amount up to $150,000,000 for the fiscal year 1973-1974 and $370,000,000 for the year 1974-1975 (§ 2538). Upon said certification the SRC is authorized to sell $520,000,000 of its own bonds and notes and to pay over the sale proceeds to the Comptroller for deposit in the city’s general fund (§ 2536). The SRCA expressly states that these SRC bonds and notes are SRC obligations payable solely from SRC revenues and that they are neither the debts of the City of New York nor the debts of the State of New York (§ 2542).
The payment of the principal of the notes is to be made out of the bond proceeds and the interest payments out of the capital reserve fund which is to be maintained by the city provided that the city shall have first appropriated funds for such purpose or provided that funds are otherwise made available to the city (§2537, subd. 1, par. [a]). The city is to pay the operating expenses and debt service of the SRC within the appropriations available (§ 2540, subd. [a]). Under section 2540, if the city does not make appropriations, the State will maintain the fund out of State aid to New York City funds.
These payments from the city or the State are permissive and not mandatory regardless of the practical or moral obligation of the city to make the necessary appropriations. The money can only be provided by the city if it is appropriated out of current revenues. The city is not authorized to issue its own obligations to maintain the SRC fund. Neither is the city the guarantor of the SRC notes or bonds. Thus, the contingent obligation, if any, of the city does not constitute a debt of the City of New York (Local Finance Law, § 135.00; Levy v McClellan, 196 NY 178) and is not chargeable against the city’s debt limit. (Salzman v Impellitteri, 305 NY 414; Comereski v City of Elmira, 308 NY 248.)
Since the bonds and notes of the SRC are not debts of the City of New York, there has been no violation of article VIII of the Constitution. The city has neither pledged its credit to a public corporation, nor failed to pledge its faith and credit for its debt. It is unnecessary to reach the question of whether the city has exceeded its debt limit. In any event in this latter context plaintiff has failed to demonstrate such excess. Plaintiff’s claims are at best speculative and vague.
*899 It is axiomatic that courts do not sit in judgment on questions of administrative discretion and do not interfere with the conduct of municipal officials, absent fraud, collusion, corruption or bad faith. Allegations such as those plaintiff makes herein, amount only to a taxpayer’s disagreement with the manner in which a municipal body might exercise its discretion and as such cannot be sustained. (Gusdore Corp. v Michaels, 13 Misc 2d 762, affd 8 AD2d 663; Berkey v Downing, 68 Misc 2d 595, affd 39 A D 2d 1008.)
The type of illegal action complained of herein as causing public injury requires a showing of clear illegality, a total lack of power to do the acts complained of (Murphy v Erie County, 34 A D 2d 295, affd 28 N Y 2d 80; Gaynor v Rockefeller, 21 AD2d 92, supra.) Moreover, for a permanent injunction such as sought herein there must be a factual showing of public injury (Sweeney v Farrington, 38 Misc 2d 882; Schreiber v Wagner, 37 Misc 2d 985), a reasonable causal relationship between the illegal action and said public injury (Hansen v Ludera, 67 Mise 2d 574, supra; Gaynor v Rockefeller, supra). The complaint herein, stripped of its irrelevant allegations is of a conclusory and speculative nature, makes no showing of factual support and cannot be sustained. Therefore, in view of the foregoing, the defendants’ actions under the SRCA and in relation to the SRC created thereunder, do not violate the Constitution of the State of New York, and the plaintiff has failed to state a cause of action.
Judgment is granted to the defendants.