OPINION OF THE COURT
Thomas P. Flaherty, J.
By order to show cause granted on September 28, 1984, petitioners seek an order directing the preparation of an environmental impact statement (EIS) pursuant to ECL 8-0109 (subd 2) prior to the construction and operation of a solid waste transfer station in the Town of Collins (Town) and for additional relief setting aside various procedures employed to date by the Town in constructing this transfer station.
By notice of motion pursuant to CPLR 7804 (subd [f]) and dated October 5, 1984, the Town moves to dismiss the instant petition on the grounds that it is time barred by the four-month Statute of Limitations contained in CPLR 217, by the 30-day periods of subdivision 2 of section 195 and subdivision 2 of section 209-g of the Town Law, and by the 20-day period contained in section 82.00 of the Local Finance Law. The Town also raises the equitable defense of loches.
Over the past 25 years the Town has operated a sanitary landfill on the subject premises. In 1982 DEC advised the Town *407 that the landfill must be closed and another place to dispose of refuse found. In that year the Town formed a committee in an attempt to develop proposals for alternate means of refuse disposal and in October of 1983 the Town Board passed a resolution calling for a public hearing relative to creation of a refuse district. The hearing was held in November and in December of 1983 the Town applied to DEC for permits to construct and operate a transfer station.
The following events all occurred in 1984:
On February 6, the Town Board passed a resolution designating the Town as the lead agency to determine whether or not an EIS was necessary. On April 9, the Town, as lead agency, issued a negative declaration determining that the proposed transfer station would have no significant effect on the environment and that consequently an EIS need not be prepared. On May 7, the Town Board passed a resolution establishing a garbage district and authorizing the issuance of bonds for the construction of the transfer station. This resolution was filed in the Erie County Clerk’s office four days later on May 11. In early June DEC issued the Town a construction permit and on June 18 the Town entered into a construction contract and construction was commenced that month. The first order to show cause herein was granted on August 9, and on the September 17 return date the petition was dismissed for petitioners’ failure to appear. The second and instant order to show cause was granted on September 28 and returnable before the undersigned on October 26.
The petition seeks the following specific relief: a direction that the Town prepare an EIS prior to the construction and operation of the transfer station; a finding that the DEC’s determination that the Town’s application for the construction of a transfer station was complete prior to the receipt of an EIS is premature; a finding that the construction permit issued by DEC be declared null and void because of the absence of an EIS; a determination that the Town’s June 18 award of a contract for the construction of the transfer station be declared null and void; a determination that the Town’s April 9 negative declaration be declared null and void; a direction that the Town make reasonable efforts to include the petitioners and other members of the public in the review procedure for the construction of such a transfer station; a determination that the Town’s environmental assessment form does not contain sufficient information; a determination that the Town’s April 9 negative declaration is insufficient; a determination that the Town has unlawfully acted as lead agency and was therefore without authority to *408 issue the negative declaration; and a determination that the April 9 negative declaration be declared null and void for untimely issuance.
Significantly, the essence of the instant petition is a challenge to the Town Board’s resolution of May 7 establishing a garbage district and authorizing the issuance of bonds for the construction of a transfer station alleging that certain requirements of the State Environmental Quality Review Act (ECL art 8 [SEQRA]) were not complied with prior to that decision.
While the Town asserts the four-month Statute of Limitations contained in CPLR 217, the applicable limitations period in this proceeding is the 30 days set forth in sections 195 and 209-g of the Town Law.* Subdivision 2 of section 195 of the Town Law requires that a review of the establishment of a district or a determination to construct an improvement must be made by way of certiorari within 30 days from the recording of the determination in the county clerk’s office. A similar provision requiring commencement of a CPLR article 78 proceeding within 30 days from the date of recording in the county clerk’s office is found in subdivision 2 of section 209-g of the Town Law. The Town maintains that the failure to commence this proceeding within 30 days of the May 11 filing of the Town Board’s May 7 resolution requires dismissal of the instant petition pursuant to sections 195 and 209-g of the Town Law.
The case of Matter of Save The Pine Bush v Planning Bd. (101 Misc 2d 1062, affd 83 AD2d 698, lv to opp den 54 NY2d 610) involved an article 78 proceeding seeking to declare void the approval of a construction project. As in the instant case, the petitioners in Save The Pine Bush (supra) alleged that the Planning Board failed to comply with SEQRA requirements. The court held that the applicable Statute of Limitations was contained in section 38 of the General City Law which in pertinent part provides: “Any person * * * aggrieved by any decision of the planning board concerning [approval of a plat] may obtain a review * * * provided the proceeding is commenced within thirty days after the filing of the decision in the office of the board.”
In Ecology Action v Van Cort (99 Misc 2d 664), the petition was found to be a complaint about the approval of a subdivision *409 without, inter alla, preparation of a final EIS. The court held that an EIS is
“merely a preliminary step in the process of denying, approving or modifying a proposed action, to insure that environmental facts are given due consideration in arriving at a final decision.
“It is the final decision which petitioners reject here and which they in fact seek to review. Such a review would permit examination of all the steps necessarily involved in the decision, including the environmental statements which petitioners attack. (Matter of Carville v Allen, 13 AD2d 866.)” (Supra, at p 669.) The petition was dismissed pursuant to section 38 of the General City Law as it was not commenced within 30 days of the decision approving the subdivision.
The court sees no distinction between the time limitation contained in section 38 of the General City Law and those set forth in sections 195 and 209-g of the Town Law and concludes that petitioners’ challenges concerning compliance with SEQRA are governed not by the four-month period of CPLR 217 but the 30-day period of the Town Law (see 46 Alb L Rev 1224-1230; see, also, 24 Carmody-Wait 2d, § 145:238).
As the first petition herein was not commenced within 30 days of the May 11 recordation of the May 7 order establishing a garbage district and approving construction of the transfer station the instant petition must be dismissed.
Given this determination the court need not address the other challenges raised by the Town.
Submit judgment accordingly, without costs.

 Section 195 of the Town Law concerns districts and improvements made under article 12 of the Town Law while section 209-g involves establishment of districts or improvements made pursuant to article 12-A of the Town Law. It appears that the instant case involves an article 12-A establishment and improvement.