■ LAWRENCE SISARIO, JR., Appellant, v AMSTERDAM MEMORIAL HOSPITAL et al., Respondents, et al., Defendant.—Harvey, J. Appeal from an order of the Supreme Court (White, J.), entered April 21, 1989 in Montgomery County, which granted the motions of defendants Amsterdam Memorial Hospital and Roger Miller to, *inter alia,* dismiss the complaint against them.

Plaintiff commenced this medical malpractice action in 1987 against, among others, defendants Amsterdam Memorial Hospital and Roger Miller (hereinafter collectively referred to as defendants). Following joinder of issue, defendants moved to dismiss the complaint principally due to plaintiff's failure to comply with CPLR 3012-a, which requires a complaint in a medical malpractice suit to be accompanied by a certificate of merit. Supreme Court only conditionally granted defendants' motions. To avoid dismissal, the court ordered plaintiff to, within 30 days of its order, file a certificate of merit and pay each defendant $250. Plaintiff appealed that decision and this court affirmed (146 AD2d 837). However, plaintiff never complied with Supreme Court's order and, consequently, defendants thereafter again each moved for a final order of dismissal. In response, plaintiff argued before Supreme Court for the first time that CPLR 3012-a was unconstitutional. Supreme Court rejected plaintiff's constitutional claim on the merits and granted defendants' motions for a trial order of dismissal. This appeal by plaintiff followed.

There must be an affirmance. Initially, we reject plaintiff's contention that CPLR 3012-a violates the Equal Protection Clauses of both the Federal and State Constitutions (US Const 14th Amend; NY Const, art I, § 11). Plaintiff claims that the statute is discriminatory because it affords protection only to certain health care providers while others who are sued for malpractice, such as attorneys or accountants, are denied similar protection (as are certain other health care providers such as osteopaths and chiropractors). In reviewing plaintiff's claims it must first be noted that those in plaintiff's position do not constitute a suspect class, nor do the requirements of CPLR 3012-a interfere with the exercise of a fundamental right; therefore, the statute should not be subjected to strict scrutiny but rather a rational basis standard of judicial review

(see, *Maresca v Cuomo*, 64 NY2d 242, 250, *appeal dismissed* 474 US 802; *Montgomery v Daniels*, 38 NY2d 41, 59; *see also, Vance v Bradley*, 440 US 93, 96-97).

While a lack of a certificate of merit essentially operates to deny a plaintiff access to the courts, such access regarding claims not involving rights subject to special constitutional protection may be denied if there is a rational basis *(see, Montgomery v Daniels, supra*, at 60; *see also, Ortwein v Schwab*, 410 US 656). Under the rational basis test a classification will be deemed constitutional if there is "any conceivable state of facts" to support it *(Maresca v Cuomo, supra*, at 250). Further, when this test is applied, a court is free to "even hypothesize the motivations" of the Legislature *(supra*, at 251) and the fact that another method could have been chosen to meet a legitimate State objective does not invalidate the statute *(see, Matter of Taylor v Sise*, 33 NY2d 357, 365; *Wiggins v Town of Somers*, 4 NY2d 215, 221).

Here it is apparent that despite plaintiff's contentions otherwise, the State's purported objective in enacting CPLR 3012-a was perfectly legitimate insofar as it involved the health, comfort, safety and welfare of society *(see, Montgomery v Daniels, supra*, at 61). Specifically, CPLR 3012-a was added to the CPLR in 1986 as part of a package of amendments designed to address some of the problems faced by the health care industry due to high medical malpractice insurance premiums which discourage physicians and dentists from practicing in New York (L 1986, ch 266, § 1; *see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3012-a, 1989 Pocket Part, at 252).* The legitimacy of this goal was recognized by the Court of Appeals in *Treyball v Clark* (65 NY2d 589, 590-591), a case upholding the constitutionality of another State statute also aimed at dealing with the malpractice insurance problem. CPLR 3012-a was specifically meant to expedite and "deter the commencement of frivolous cases" (L 1986, ch 266, § 1; *see,* Governor's mem, 1986 NY Legis Ann, at 157-158). Clearly, the requirement of a certificate of merit is rationally related to the goal of reducing malpractice insurance premiums by attempting to decrease the number of frivolous malpractice suits.

As for the fact that only physicians, dentists and, most recently, podiatrists come within the statute's purview at present, we note that there was a rational basis for these distinctions based upon the belief that these were the professions most affected and threatened by increasing medical malpractice insurance premiums *(see, Trump v Chu*, 65 NY2d

---

* Originally, the statute included only physicians and dentists. In 1987, podiatrists were added to the list (L 1987, ch 507).

20, 28, *appeal dismissed* 474 US 915; *see also, Dandridge v Williams,* 397 US 471). As for excluding other members of the health care industry, it is apparent that the Legislature has chosen "to proceed 'one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind' " *(Montgomery v Daniels, supra,* at 62, quoting *Williamson v Lee Opt. Co.,* 348 US 483, 489). This left open the possibility of additional steps being taken *(see,* Governor's mem, 1986 NY Legis Ann, at 158), as was demonstrated by the addition of podiatrists within the scope of the requirement *(see,* L 1987, ch 507). Since the approach taken by the Legislature in limiting the reach of the statute was rational and not in violation of plaintiff's equal protection rights, no basis for reversal on this ground has been stated.

As for plaintiff's due process claim, he basically argues that he is being denied access to the courts because the certificate requirement interferes with discretion in deciding to sue because an attorney must first find a physician who agrees that the case has merit. This argument is specious. Under due process, for access to the courts to be recognized it must be in conjunction with a right recognized as entitled to special protection. Otherwise the State may condition access to the courts *(see, Matter of Colton v Riccobono,* 67 NY2d 571, 576). Since, as previously mentioned, plaintiff is not asserting any separate fundamental right, all that is necessary to determine that plaintiff's due process rights were not violated is that there was a reasonable connection between the State's actions and its goals *(see, Nettleton Co. v Diamond,* 27 NY2d 182, 193, *appeal dismissed sub nom. Reptile Prods. Assn. v Diamond,* 401 US 969). Here, a reasonable relationship does exist between the certificate requirement and the State objective of decreasing frivolous suits. Further, the statute was enacted to aid in the Legislature's over-all goal in encouraging targeted health care providers to practice in this State. As such, this goal was clearly one in the interests of the community *(see, West Coast Hotel Co. v Parrish,* 300 US 379, 391). Accordingly, no denial of plaintiff's due process rights occurred in this case and Supreme Court properly dismissed his claim.

Order affirmed, with one bill of costs. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.