■ TERENCE W. MURPHY, Appellant, v RENATA C. WACK, as Executive Director of Kirby Forensic Psychiatric Center, et al., Respondents.—Appeal from order, Supreme Court, New York County (Bruce Wright, J.), dated April 1, 1992, denying petitioner's motion to resettle a judgment confirming an arbitration award so as to state as due a sum certain, dismissed as non-appealable, without costs or disbursements.

Petitioner seeks resettlement of a judgment confirming an arbitration award which provided that he "be reinstated by respondents with back pay and all benefits to October 11, 1989 plus interest on the back pay from July 30, 1990" so as to

state a sum certain, namely, the $85,513 calculated by respondents as the amount of back pay for the period in question. Respondents assert, however, that pursuant to the State's contract with the Public Employees Federation (PEF), petitioner's back pay award must be reduced by his outside earnings during that period. In that regard, respondents claim that in the period between October 1989 and August 1990 petitioner earned over $150,000 through a professional corporation that was officially dissolved in 1980. Since the outside earnings exceed the amount of the back pay award, respondents argue, petitioner is not entitled to any back pay. Petitioner denies that he received any income from the professional corporation during the suspension period and moved to resettle the judgment so that it would reflect a sum certain, namely, $85,513. The IAS Court denied the motion, concluding that under the contract between the State and PEF petitioner's back pay award was completely offset by his outside earnings. Petitioner appeals.

The appeal should be dismissed since no appeal lies from an order denying resettlement of a judgment or order. (Gifaldi v Dumont Co., 172 AD2d 1025, 1026; Cohn v Cohn, 100 AD2d 528; Matter of Balboa Ins. Co. [Herbin], 50 AD2d 526.) To the extent that Gifaldi limits the proscription against appellate review to an order "denying a motion to resettle a substantive portion of a previous order" (172 AD2d, supra, at 1026), it is clear to us that, however innocuous it may appear at first blush, petitioner's request that the judgment reflect the sum certain calculated by respondents requires a determination of a new substantive issue relating to the interplay between the underlying arbitration award and the union contract.

In any event, were we to reach the merits, we would affirm the denial of resettlement since the IAS Court could not, in this confirmation proceeding, consider and resolve a contract issue never presented to the arbitral forum. Whatever remedy may be available to petitioner with respect to the offset issue, it is not by way of resettlement. Concur—Sullivan, J. P., Milonas, Ellerin and Kassal, JJ.