■ JEFFREY HERZOG et al., Appellants, v TOWN OF THOMPSON et al., Respondents. (Action No. 1.) DIBA TODOROVIC, Respondent, v ANAWANA SEWER DISTRICT et al., Defendants. COUNTY OF SULLIVAN, Appellant. (Action No. 2.) (And Another Related Action.) [674 NYS2d 830] —Spain, J. Appeals (1) from an order of the Supreme Court (Bradley, J.), entered October 29, 1996 in Sullivan County, which granted defendants' motion to dismiss the complaint in action No. 2 as time barred, (2) from an order of said court, entered December 4, 1996 in Sullivan County, which denied plaintiffs' motion to resettle a previous order of the court in action No. 1, and (3) from an amended order of said court, entered August 27, 1997 in Sullivan County, which, *inter alia*, stayed the enforcement of real property tax proceedings against plaintiff in action No. 2.

After receiving numerous notices of noncompliance from the Department of Environmental Conservation, defendant Town of Thompson in Sullivan County retained engineers to submit a proposal for the reconstruction and expansion of the sewage treatment facility (hereinafter the facility) which served defendant Kiamesha Sewer District of the Town of Thompson (hereinafter the District). The Town ultimately approved several bond resolutions, totaling almost $8 million, to finance the facility expansion. Payment of the bond issue was to be made from revenues generated by assessments of real estate parcels

within the District benefited by the expansion. This expansion project and the bond issue prompted three taxpayer actions challenging the validity of the bond issue and the apportionment of the sewer taxes. The following actions were joined for this appeal.*

## Action No. 1

In July 1993 plaintiffs Jeffrey Herzog and Miriam Herzog, owners of real property located in the Town within the area served by the District, commenced this action alleging, *inter alia*, that the expansion project was unnecessary and that the decision to expand the facility was based on professional and engineering negligence. Defendants moved to dismiss the amended complaint. Supreme Court denied the motion; however, it dismissed several of the causes of action therein with prejudice. In an earlier decision, we modified Supreme Court's order to the extent that it failed to dismiss the cause of action against the engineers (216 AD2d 801, 803).

The Herzogs' remaining causes of action sought, *inter alia*, to invalidate the bond issue on the ground that it violated Town Law § 192 or, in the alternative, to compel payment of the bonds as a Town charge. Specifically, they alleged that the expansion of the facility benefited users outside the area served by the District and that payment of the bond indebtedness was not apportioned to the entire Town, as required by Town Law § 192. Defendant New York State Environmental Facilities Corporation (hereinafter NYSEFC), holder of the bonds issued for the facility's expansion project, moved, on behalf of itself and, significantly, the Town and the District, to dismiss the Herzogs' complaint insofar as it sought to invalidate the bond issue, on the ground that Supreme Court lacked jurisdiction to grant such relief. Supreme Court, noting the lack of opposition on behalf of the Herzogs, granted NYSEFC's motion and dismissed the remaining causes of action against NYSEFC, the Town and the District; no appeal of that order was taken. The Herzogs next moved to resettle the court's order, arguing that it was overbroad and that the court should not have dismissed the causes of action against the Town and the District insofar as they sought to apportion payment of the bond indebtedness between the District and the Town. Supreme Court denied the Herzogs' motion to resettle, prompting this appeal in action No. 1.

---

* A third action, *Reing v Town of Thompson,* was joined on this appeal. Although a notice of appeal was filed, that appeal has been abandoned.

## Action No. 2

Plaintiff Diba Todorovic was the owner of real property located in the Town within the area served by defendant Anawana Sewer District (hereinafter ASD). ASD did not have its own sewage treatment facilities and, as a result, used the District's facility and was billed for this usage according to a formula adopted by the Town Board. In early 1995, Todorovic objected to the increased sewer assessment in her tax bill and attempted to pay her bill, less the contested amount; her partial payment was returned by the Town Receiver of Taxes. Todorovic then commenced this declaratory judgment action in March 1995, alleging that the bonds issued for the expansion of the District's facility were issued in violation of Town Law § 192-a and seeking an injunction against defendants prohibiting them from assessing a higher sewer tax than would have been required had defendants complied with Town Law § 192-a. Defendants moved to dismiss on the grounds that the action was time barred and failed to state a cause of action. Supreme Court granted defendants' motion on Statute of Limitations grounds prompting this appeal by Todorovic, who then moved pursuant to CPLR 5519 (c) for a stay of real property tax enforcement proceedings pending the outcome of her appeal. Supreme Court granted the stay and the County of Sullivan now appeals from that order.

Initially, we conclude that Supreme Court did not abuse its discretion in denying the Herzogs' motion to resettle in action No. 1. Moreover, it is well settled that the denial of a motion to resettle a substantive portion of a judgment or order is not appealable (*see, Aftuck v Aftuck*, 233 AD2d 815; *Murphy v Wack*, 186 AD2d 427; *Gifaldi v Dumont Co.*, 172 AD2d 1025). Upon review of the record it is clear that the initial notice of motion contained a request on behalf of NYSEFC, the Town and the District that the matter be dismissed against them collectively. Notably, the Herzogs did not oppose the motion nor did they appeal Supreme Court's dismissal. In any event, Town Law § 195 provides that any party aggrieved by a determination of a town board establishing or extending any improvement district must challenge that determination within 30 days by means of a CPLR article 78 proceeding in the nature of certiorari (*see*, Town Law § 195 [2]). Here, the Town Board authorized and approved the expansion of the facility by resolutions dated March 22, 1988, June 13, 1989 and March 26, 1990. The Herzogs did not challenge these determinations until July 13, 1993, well beyond the 30-day Statute of Limitations (*see*, Town Law § 195 [2]). Moreover, they did not commence a CPLR

article 78 proceeding, which the statute provides as the exclusive method to challenge the Town Board's determination (*see,* Town Law § 195 [2]; *Gusdore Corp. v Michaels*, 13 Misc 2d 762, *affd* 8 AD2d 663, *lv denied* 7 NY2d 706). Clearly, the Herzogs were time barred from commencing any of the causes of action which were dismissed by Supreme Court.

We next conclude that Supreme Court properly dismissed the complaint in action No. 2, as Todorovic's cause of action was also time barred. Todorovic did not commence her declaratory judgment action until March 31, 1995, well after the Statute of Limitations had run. Moreover, she did not commence a CPLR article 78 proceeding, the exclusive method to challenge the Town Board's determination (*see,* Town Law § 195; *Gusdore Corp. v Michaels, supra,* at 763).

Finally, we conclude that Supreme Court erred in ordering a stay of enforcement of tax proceedings in action No. 2. Where a party is challenging a tax assessment absent willful misconduct by the taxing authority, the party must pay the tax while the issue is litigated (*see, Grant Co. v Srogi*, 71 AD2d 457, *revd in part on other grounds* 52 NY2d 496). Here, Todorovic did not allege nor did she demonstrate any intentional wrongdoing by the taxing authority.

White, J. P., Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the orders entered October 29, 1996 and December 4, 1996 are affirmed, without costs. Ordered that the amended order entered August 27, 1997 is modified, on the law, without costs, by reversing so much thereof as granted Diba Todorovic's motion for a stay of tax enforcement proceedings, and, as so modified, affirmed.