■ Thomas A. Helgans, Individually and as Administrator of the Estate of Kathleen A. Helgans, Deceased, Appellant, v Arthur Plurad et al., Respondents. [680 NYS2d 648] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Seidell, J.), dated October 22, 1997, which denied their motion to strike the defendants' respective affirmative defenses of the Statute of Limitations and to amend the complaint to add a cause of action to recover damages for wrongful death, and granted the defendants' respective cross motions to dismiss the complaint on the ground that it is barred by the Statute of Limitations.

Ordered that the order is affirmed, with one bill of costs to the respondents.

In April 1986 the plaintiff's decedent, Kathleen Ann Helgans, was seen by the defendant Dr. Alfred Ziviello, who excised a mole from her calf, and sent it to the laboratory of the defendant St. Charles Hospital for examination, where it was diagnosed by the defendant Dr. Arthur Plurad as a compound nevus, or harmless beauty mark. Eight years later, in April 1994, a lump on Helgans' groin was diagnosed as a malignant melanoma involving the lymph node. Reexamination of the specimen of the mole that had been excised in 1986 revealed that it had been misdiagnosed as a compound nevus, and that it was, in fact, a malignant melanoma and the original source of Helgans' cancer. The Supreme Court granted the defendants' motions to dismiss the complaint to recover damages for medical malpractice based upon the 1986 misdiagnosis as barred by the Statute of Limitations. On appeal, the plaintiff, Helgans' husband, individually and as administrator of her estate, contends that the court erred in rejecting his argument that CPLR 214-a, as applied to this case, violates the guarantees of due process and equal protection.

A statute comports with due process if the Legislature, in enacting it, was "acting in pursuit of permissible State objectives and * * * the means adopted [were] reasonably related to the accomplishment of those objectives" (*Montgomery v Daniels,* 38 NY2d 41, 54). The medical malpractice Statute of Limitations was shortened from three years to two years and six months by the 1975 enactment of CPLR 214-a in response to the "critical threat to the health and welfare of the State by way of diminished delivery of health care services as a result of the lack of adequate medical malpractice insurance coverage at reasonable rates" (*see,* Governor's Mem, L 1975, ch 109, 1975 NY Legis Ann, at 1739-1740). Clearly, the objective of preserving the quality of health care services for residents of the State is a legitimate governmental objective (*see, Treyball v Clark,* 65 NY2d 589, 590). Furthermore, the Legislature's decision to shorten the period of limitation and to continue to measure accrual of a cause of action for medical malpractice from the date of the occurrence, as opposed to the date of discovery of the injury, was rationally related to the accomplishment of that objective (*see, Sisario v Amsterdam Mem. Hosp.,* 159 AD2d 843). Thus, CPLR 214-a does not violate due process.

Nor are we persuaded that there was a violation of due process by virtue of the fact that the plaintiff in this case is left without a remedy through no fault of his own. A Statute of Limitations is not deemed arbitrary or unreasonable solely on the basis of its harsh effect in a particular case (*see, Matter of Department of Social Servs. [Sandra C.] v Thomas J. S.,* 100 AD2d 119, 130). The plaintiff does not allege that any separate fundamental right was impinged upon by CPLR 214-a, and "all that is necessary to determine that plaintiff's due process rights were not violated is that there was a reasonable connection between the State's actions and its goals" (*Sisario v Amsterdam Mem. Hosp., supra,* at 845).

The plaintiff's equal protection arguments are premised upon the statute's disparate treatment of the class of persons who are injured by the negligent failure to diagnose a disease with a latency period of over two- and one-half years. Thus, the plaintiff points out that CPLR 214-a operates more harshly upon that class of medical malpractice plaintiffs than upon those injured by the negligent failure to diagnose a disease that has a shorter latency period. Moreover, the plaintiff argues that the statute arbitrarily confers the benefit of an accrual-upon-discovery rule only for plaintiffs who allege that a foreign object was left in the body, and a tolling of the limitations period only for plaintiffs who have had continuous treatment for

the condition which gave rise to the act alleged to constitute malpractice. The plaintiff does not dispute that the classifications created by the statute are to be scrutinized under the rational basis standard. Therefore, the validity of the classifications must be upheld if they rationally further legitimate legislative objectives (*see, Alevy v Downstate Med. Ctr.,* 39 NY2d 326, 332).

Applying that standard, it is clear that neither the foreign object nor the continuous treatment exceptions to the accrual upon occurrence rule violate the guarantee of equal protection. The special treatment afforded to those who discover that a foreign object was left in the body is justified based upon "the presence of a clear chain of causation" created by the foreign object itself (*Rockefeller v Moront,* 81 NY2d 560, 565). Thus, foreign object cases are distinguishable from negligent misdiagnosis cases, which "more readily implicate the rationale and policy direction of [Court of Appeals'] precedents which is to prevent untimely claims dependent upon the assessment of a doctor's professional judgment or discretion" (*LaBarbera v New York Eye & Ear Infirmary,* 91 NY2d 207, 212).

Similarly, the tolling of the Statute of Limitations under the continuous treatment doctrine is justifiable based upon policy considerations applicable only to instances in which a doctor commits malpractice but continues to treat the patient for the same condition (*see, McDermott v Torre,* 56 NY2d 399, 408 [continuous treatment doctrine "seeks to maintain the physician-patient relationship in the belief that the most efficacious medical care will be obtained when the attending physician remains on a case from onset to cure * * * Implicit in the policy is the recognition that the doctor not only is in a position to identify and correct his or her malpractice, but is best placed to do so"]). Therefore, the classifications created by CPLR 214-a whereby foreign object and continuous treatment claimants are afforded a benefit unavailable to other medical malpractice claimants further legitimate legislative objectives and do not violate the guarantee of equal protection.

Addressing the plaintiff's claim that CPLR 214-a arbitrarily and unfairly treats victims of a negligent failure to diagnose a disease with a latency period of over two years and six months more harshly than any other class of medical malpractice victims, we note that, under the rational basis standard, "equal protection requires only that a classification which results in unequal treatment rationally further 'some legitimate, articulated state purpose'" (*Matter of Doe v Coughlin,* 71 NY2d 48,

56, *cert denied* 488 US 879, quoting *McGinnis v Royster,* 410 US 263, 270). To accept the plaintiff's argument essentially would require a rule of accrual upon discovery of the injury for every medical malpractice claim, a result which has been repeatedly rejected in this State, on the basis that the detriment of the harsh effect of CPLR 214-a in certain cases would be outweighed by "the effect of potentially open-ended claims upon * * * defendants and society", if the period of limitation were to run from discovery of the injury (*see, Goldsmith v Howmedica, Inc.,* 67 NY2d 120, 124).

Having concluded that the plaintiff's action to recover damages for medical malpractice is time-barred, it follows that the Supreme Court properly denied that branch of the plaintiff's motion which sought leave to amend the complaint to add a cause of action to recover damages for wrongful death (*see, Kelliher v New York Cent. & Hudson Riv. R. R. Co.,* 212 NY 207). O'Brien, J. P., Florio, McGinity and Luciano, JJ., concur.