■ NORMAN YOUNG et al., Appellants, v COMMUNITY HEALTH PLAN et al., Respondents. [731 NYS2d 562] —Rose, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered November 30, 2000 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

Despite plaintiffs' contentions to the contrary, Supreme Court did not err in concluding that this medical malpractice action was barred by the two-year and six-month Statute of Limitations of CPLR 214-a. The action arose out of the alleged failure of defendant Gary DeBrino, a physician at a clinic operated by defendant Community Health Plan (hereinafter CHP), to discover a cancerous lesion while examining plaintiff Norman Young (hereinafter plaintiff) for rectal bleeding on December 12, 1994. The record reveals no other examination or treatment of plaintiff in connection with a complaint of rectal bleeding or bowel problems within the limitations period. The fact that plaintiff returned to CHP and was seen by DeBrino on several subsequent occasions in 1997 for medical conditions unrelated to his rectal lesion did not serve to toll the Statute of Limitations under the "continuous treatment doctrine" (*see, Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296; *Shiffman v Harris*, 280 AD2d 752, 753).

Nor do we find merit in plaintiffs' contention that the application of CPLR 214-a in this case violated their State and Federal constitutional rights. Measuring the accrual of a medical malpractice action from the date of the occurrence, act or failure, rather than from when the patient became aware of the medical condition, does not violate due process (*see, Helgans v Plurad*, 255 AD2d 554, 555-556, *appeal dismissed* 93 NY2d 882, *lv dismissed and denied* 93 NY2d 994). Moreover, measuring accrual from the time of discovery is statutorily permitted only for claims based upon the presence of a foreign object in the patient's body (*see,* CPLR 214-a). Accordingly, we conclude that Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint.

Crew III, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.