■ In the Matter of NIAGARA MOHAWK POWER CORPORATION, Appellant, v TOWN OF BETHLEHEM et al., Respondents. [792 NYS2d 209]—

Spain, J. Appeal from a judgment of the Supreme Court (Benza, J.), entered November 24, 2003 in Albany County, which, in a combined proceeding pursuant to RPTL article 7 and/or CPLR article 78 and action for declaratory judgment, inter alia, granted respondents' motion for summary judgment dismissing the petition/complaint.

In July 2003, petitioner commenced this proceeding/action seeking to nullify the taxation imposed upon its real property by the Bethlehem Water District. Respondents moved for summary judgment. Supreme Court granted the motion on the grounds that the proceeding/action was time-barred and that petitioner had failed to post an undertaking before commencing it as mandated by statute. Petitioner appeals, and we now affirm.

Town Law § 195 (2) expressly provides that a town's final determination establishing or extending a water district must be challenged within 30 days of its filing and must be accompanied by an undertaking sufficient to cover the town's expenses should the challenge prove unsuccessful (*see* Town Law § 195 [2]). No dispute exists that petitioner did not comply with these requirements, inasmuch as the district—first established in 1926—was last extended in 2001 and petitioner does not claim to have filed any undertaking. Instead, petitioner maintains that it may contest the issue of whether its property is benefitted by the water district, and thus subject to taxation by the water district, as part of its challenge to the annual assessment roll completed by respondent Town of Bethlehem (*see* RPTL 502 [6], [7]). Although RPTL 502 requires information pertaining to any special ad valorem levies to be included in the assessment roll for each parcel of real property, that statute does not contemplate an annual reconsideration by the assessor of whether each parcel is benefitted by the water district—a determination specifically left to the Town Board when the district boundaries are established (*see* Town Law § 194 [1]; *see also Gusdore Corp. v Michaels*, 13 Misc 2d 762, 763 [1958], *affd on op below* 8 AD2d 663 [1959], *lv denied* 7 NY2d 706 [1959]).

Likewise, petitioner's reliance on Town Law §§ 237 and 239 are misplaced as they govern the completion of and challenge to assessment rolls prepared to finance specific public improvements and, as under Town Law § 195, such challenges are subject to a 30-day statute of limitations (*see* Town Law § 239). Indeed, the special tax imposed upon petitioner clearly originated under Town Law article 12 and, as such, a challenge thereto was subject to a 30-day statute of limitations under Town Law § 195 (*see Matter of Niagara Mohawk Power Corp. v Town of Watertown*, 12 AD3d 1188 [2004]; *Herzog v Town of Thompson*, 251 AD2d 917, 919-920 [1998], *lv dismissed and denied* 92 NY2d 943 [1998]; *Matter of Evans v Michaels*, 5 AD2d 912, 913 [1958], *lv denied* 4 NY2d 678 [1958]).

Petitioner also argues that, by Supreme Court's dismissal of the petition/complaint, it has been denied due process and equal protection under the law because it is forever precluded from contesting the issue of whether, in any given year, its parcels are benefitted by the water district. The ad valorem tax imposed on petitioner does not take into account the extent to which petitioner's property is benefitted, but is a direct percentage of the value of its property (*see* RPTL 102 [2], [14]). In this case, therefore, petitioner can challenge the annual valuation of its property each year under RPTL article 7, but not the validity of the ad valorem tax itself.

We conclude that petitioner has failed to state a viable constitutional claim. The burden to show that a statute violates due process of law is high; petitioner would have to overcome the strong presumption that the Legislature was "acting in pursuit of permissible State objectives and . . . the means adopted in [Town Law § 195] reasonably related to the accomplishment of those objectives" (*Montgomery v Daniels*, 38 NY2d 41, 54 [1975]; *see Helgans v Plurad*, 255 AD2d 554, 555 [1998], *appeal dismissed* 93 NY2d 882 [1999], *lv dismissed and denied* 93 NY2d 994 [1999]). Although due process requires that a taxpayer be afforded an opportunity to be heard when subjected to taxation based on a valuation of its property (*see Matter of City of New York*, 290 NY 236, 240 [1943]), petitioner has the opportunity to challenge the annual assessment of its property and a process was in place for challenging the validity of the ad valorem tax when the water district was created and subsequently expanded. The fact that petitioner may have acquired its property after the water district lines were established and the opportunity to challenge the creation of the water district had expired does not create any constitutional infirmity as petitioner took title subject to the property's status as part of the established water district. In our view, moreover, the 30-day statute of limitations found in Town Law § 195 has a rational basis (*see generally Young v Community Health Plan*, 287 AD2d 914 [2001]; *Helgans v Plurad, supra* at 555). Once a town determines that the one-time construction costs of a water district are justified and the property owners are willing to bear the increase in taxes to reap the benefits to the town of the improvement, it would be improvident and potentially damaging to the town's financial stability to permit taxpayers to revisit that issue every year.

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.