Matter of Beer v Village of New Paltz (2018 NY Slip Op 05245)





Matter of Beer v Village of New Paltz


2018 NY Slip Op 05245


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

525470

[*1]In the Matter of INGRID BEER et al., Appellants,
v
VILLAGE OF NEW PALTZ et al., Respondents, et al., Respondent.

Calendar Date: June 5, 2018

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Marty I. Rosenbaum, Albany, for appellants.
Drake Loeb, PLLC, New Windsor (Stephen J. Gaba of counsel), for Village of New Paltz and others, respondents.
Rodenhausen Chale LLP, Rhinebeck (Victoria Polidoro of counsel), for Town of New Paltz and others, respondents.
Zachary W. Carter, Corporation Counsel, New York City (Barbara Graves-Poller of counsel), for City of New York and others, respondents.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the Supreme Court (Cahill, J.), entered November 15, 2016 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition.
In November 2015, respondent Town of New Paltz petitioned for the establishment of Water District No. 5, in order to provide potable water for its residents while its primary water source, the Catskill Aqueduct, which was operated by respondent City of New York, was being shut down for maintenance. Following an environmental review under the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]), the Town Board of the Town of New Paltz adopted a negative declaration. After a public hearing, the Town Board approved an order establishing Water District No. 5, and the order was recorded in the Ulster County Clerk's office [*2]in February 2016.
Petitioners, who own property within the area to be served by Water District No. 5, commenced this CPLR article 78 proceeding in June 2016 alleging that respondents failed to comply with the requirements of SEQRA. Respondents separately moved to dismiss the petition on the basis that it was not timely commenced. Supreme Court granted the motions and dismissed the petition as time-barred. This appeal by petitioners ensued. We affirm.
As an initial matter, we reject petitioners' assertion that respondents' motions were defective because respondents failed to specifically cite to CPLR 3211. The notices of motion and supporting papers indicated that respondents intended to dismiss the petition on the basis that it was barred by the applicable statute of limitations. In opposition to the motions, petitioners responded to this argument and contended that the proceeding was timely commenced. Given that there was no misunderstanding as to respondents' ground for seeking dismissal of the petition, nor did petitioners suffer any prejudice by any failure by respondents to cite to CPLR 3211, the motions to dismiss were not fatally defective (see Matter of Blauman-Spindler v Blauman, 68 AD3d 1105, 1106 [2009]).
Turning to the statute of limitations issue, the relevant time line is undisputed. The order adopting the Town Board's resolution establishing Water District No. 5 was recorded in February 2016. Meanwhile, petitioners did not commence this proceeding until June 2016. Relying on CPLR 217 (1), petitioners contend that the general four-month statute of limitations provided therein renders their petition timely. Respondents counter that the four-month limitations period is inapplicable because a shorter limitations period is provided in the law authorizing petitioners' proceeding. We agree with respondents.
Under CPLR 217 (1), "[u]nless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner." To that end, a proceeding challenging a determination or order of a town board establishing a water district must be commenced within 30 days after such determination or order is recorded in the county clerk's office (see Town Law § 195 [2]). Our review of the petition's allegations discloses that petitioners are essentially challenging the establishment of Water District No. 5 and, therefore, the 30-day statute of limitations provided in Town Law § 195 (2) controls. Because over 30 days elapsed between the recording of the order and the commencement of this proceeding, Supreme Court correctly dismissed the petition as time-barred (see Matter of Herzog v Town of Thompson, 251 AD2d 917, 919 [1998], lv dismissed and denied 92 NY2d 943 [1998]; Matter of Niegocki v Town of Brookhaven, 5 AD2d 999, 999 [1958]; Matter of Evans v Michaels, 5 AD2d 912, 913 [1958], lv denied 4 NY2d 678 [1958]; cf. Matter of J.B. Realty Enter. Corp. v City of Saratoga Springs, 270 AD2d 771, 773-774 [2000], lv denied 95 NY2d 758 [2000]).
Petitioners' attempt to skirt the 30-day limitations period by characterizing the proceeding as a challenge to the Town Board's SEQRA determination is unavailing (see Andzel v Gaylord, 126 Misc 2d 406, 409 [Sup Ct, Erie County 1984]; cf. Matter of Parker v Town of Gardiner Planning Bd., 184 AD2d 937, 939 [1992], lv denied 80 NY2d 761 [1992]). Furthermore, inasmuch as petitioners are not challenging the Town's authority to impose special ad valorem levies for a special district, their reliance on Matter of Niagara Mohawk Power Corp. v Town of Watertown (6 NY3d 744 [2005]) and New York Tel. Co. v Supervisor of Town of Oyster Bay (4 NY3d 387 [2005]) is misplaced. Petitioners' remaining contentions have been [*3]considered and lack merit.
Garry, P.J., Egan Jr., Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.